IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CRAIG J. PORTER,

        Plaintiff,

v.

MERRICK GARLAND, in his
official capacity as Attorney General of the
United States; STEVEN DETTELBACH, in
his official capacity as the Director of the
Bureau of Alcohol, Tobacco, Firearms and
Explosives,

        Defendants.

No. 3:22-cv-01178-HZ

OPINION & ORDER

Craig J. Porter
6360 SW Advance Rd.
Wilsonville, OR 97070

    Plaintiff Pro se

Patrick J. Conti
Assistant United States Attorney, District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

    Attorney for Defendant

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Pro se Plaintiff Craig Porter brings this action seeking declaratory and injunctive relief against Defendants Merrick Garland and Steven Dettelbach in their official capacities as United States Attorney General and Director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, respectively. Plaintiff seeks to enjoin Defendants from enforcing federal statutory provisions that prohibit him from purchasing and owning firearms because of a prior felony conviction. Defendants move to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of standing. For the reasons stated below, the Court grants Defendants' motion.

## BACKGROUND

In 1997, Plaintiff was convicted on federal charges of one count of conspiracy to commit bankruptcy fraud and tax fraud and one count of bankruptcy fraud. Compl. ¶ 10, ECF 1; Conti Decl. Ex. 2, ECF 7-2. On each count, Plaintiff was sentenced to a term of imprisonment of fifty-seven months. Conti Decl. Ex. 2. Plaintiff, a resident of Oregon, now desires to acquire and possess firearms, but he refrains from doing so because of his felony convictions. Compl. ¶¶ 18, 20-22. Under 18 U.S.C. § 922(g)(1), Plaintiff is prohibited from possessing a firearm because of his prior federal convictions for crimes "punishable by imprisonment for a term exceeding one year." Plaintiff also cannot obtain firearms because 18 U.S.C. § 922(d)(1) prohibits any person from selling or transferring firearms to him because of his felony convictions. Plaintiff alleges that his "federal convictions for conspiracy and aiding and abetting offenses" fall within an exclusion for "any Federal or States offenses pertaining to antitrust violations, unfair trade practices, restraints on trade, or other similar offenses relating to the regulation of business practices." Compl. ¶ 24; *see* 18 U.S.C. § 921(a)(20)(A). Thus, according to Plaintiff, his federal

convictions cannot be predicate offenses that prohibit him from obtaining firearms under Section 922(g)(1) and prohibit others from selling him firearms under Section 922(d)(1).

Plaintiff alleges that he suffers the injury of being unable to exercise his rights under the Second Amendment to obtain and possess firearms. Compl. ¶ 23. He seeks a declaration that the prohibitions of Section 922(d)(1) and Section 922(g)(1) do not apply to him and an injunction that bars Defendants from enforcing those statutory provisions against him. Defendants move to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of standing.

## STANDARDS

A motion to dismiss brought under Rule 12(b)(1) addresses the court's subject matter jurisdiction. The party asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over his claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

A Rule 12(b)(1) motion may attack the substance of the complaint's jurisdictional allegations even though the allegations are formally sufficient. *See Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 979-80 (9th Cir. 2007) (holding that courts treat a motion attacking the substance of a complaint's jurisdictional allegations as a Rule 12(b)(1) motion); *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996) ("[U]nlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency[.]") (internal citation omitted). Additionally, the court may consider evidence outside the pleadings to resolve factual disputes. *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *see also Dreier*, 106 F.3d at 847 (stating that a challenge to the court's subject matter

jurisdiction under Rule 12(b)(1) may "rely on affidavits or any other evidence properly before the court").

A challenge to standing is appropriately raised under Rule 12(b)(1). *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) ("[L]ack of Article III standing requires dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)") (emphasis omitted); *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010) ("Because standing and ripeness pertain to federal courts' subject matter jurisdiction, they are properly raised in a Rule 12(b)(1) motion to dismiss.").

## DISCUSSION

"Standing is a core component of the Article III case or controversy requirement." *Barnum Timber Co. v. EPA*, 633 F.3d 894, 897 (9th Cir. 2011) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). The "irreducible constitutional minimum of standing" requires that the plaintiff has (1) suffered an injury in fact; (2) that is fairly traceable to the challenged conduct of the defendant; and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); *Lujan*, 504 U.S. at 560. To establish an injury in fact, a plaintiff must show that they "suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo*, 578 U.S. at 339 (internal quotation and citation omitted). For an injury to be redressable, " it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 561. At the motion to dismiss stage, a plaintiff need only "show that the facts alleged, if proved, would confer standing." *Warren v. Fox Fam. Worldwide, Inc.*, 328 F.3d 1136, 1140 (9th Cir. 2003).

Defendants argue that although Plaintiff has alleged a constitutional injury, he lacks standing because a decision in his favor would not redress that injury. Defendants present two reasons why Plaintiff's injury is not redressable. First, Defendants assert that even if Plaintiff were to prevail on his claim that he should not be prohibited from obtaining firearms under Section 922(d)(1) and Section 922(g)(1), Oregon state law independently bars him from purchasing or possessing firearms. Second, Defendants argue that even if Plaintiff's conspiracy to commit bankruptcy fraud conviction falls under an exception to Sections 922(d)(1) and 922(g)(1), his tax fraud conspiracy conviction does not.

I.      **Oregon Felon in Possession Law**

Oregon Revised Statute § ("O.R.S.") 166.270 provides that any person "who has been convicted of a felony under the laws of the Government of the United States" and possesses a firearm "commits the crime of felon in possession of a firearm." O.R.S. 166.270(1). The statute contains certain exceptions. For example, neither a conviction that was declared a misdemeanor at the time of judgment nor a conviction prior to 1972 for possession of marijuana is considered a "felony" under the state felon in possession statute. O.R.S. 166.270(3). In addition, the crime of felon in possession under O.R.S. 166.270(1) does not apply to any person who was convicted of only one felony under state or federal law if that felony did not involve "criminal homicide" or "use of a firearm or a weapon" and the person was "discharged from imprisonment, parole or probation" more than fifteen years prior. O.R.S. 166.270(4)(a).[1]

But unlike federal law, the Oregon felon in possession statute does not contain an exception for offenses pertaining to antitrust violations, unfair trade practice, or the regulation of

---

[1] This exception does not apply here because Plaintiff has two federal felony convictions. *See* Conti Decl. Ex. 2.

5 – OPINION & ORDER

business practices. *See* 18 U.S.C. § 921(a)(20)(A). Thus, even if Plaintiff's prior convictions fell under the Section 921(a)(20)(A) exception to the federal felon in possession laws as he alleges, Plaintiff is still prohibited from possessing a firearm under Oregon state law because of those convictions. Accordingly, Plaintiff's alleged injury—that he is unable to obtain or possess firearms in violation of his Second Amendment rights—would not be redressed by the relief he seeks. Declaratory relief or an injunction that bars federal officials from enforcing Section 922(d)(1) and Section 922(g)(1) against him would not allow Plaintiff to legally obtain or possess firearms. He would still be prohibited from doing so under Oregon law. Because his injury is not redressable, Plaintiff lacks standing to assert his claim.

Other courts have dismissed plaintiffs' claims for lack of standing in similar circumstances. For example, in *Kimelman v. Garland*, a prospective gun purchaser in New York who had been convicted of federal securities fraud sued the Attorney General and Acting Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives. 588 F. Supp. 3d 84, 87 (D.D.C. 2022). As here, the plaintiff sought declaratory and injunctive relief that would prohibit enforcement of the federal felon in possession laws against him. *Id.* However, New York state law also prohibited the plaintiff from purchasing a firearm. *Id.* at 88. The district court found that "because New York law would still prohibit [the plaintiff] from purchasing or possessing firearms no matter how the Court resolves his claims, he has not shown that a favorable decision would redress his inability to do so." *Id.* at 89. Thus, the court dismissed the plaintiff's claim for lack of standing. *Id.* at 91.[2]

---

[2] The Court in *Kimelman* also found that the plaintiff did not meet the "traceability" requirement for standing because "federal law is not the only reason he cannot lawfully purchase or possess a firearm." 588 F. Supp. 3d at 88.

6 – OPINION & ORDER

The Eleventh Circuit affirmed a district court's dismissal of a similar claim for lack of standing because the plaintiff "would still face prosecution in Georgia for possessing a firearm even if the district court issued an order enjoining federal officials from prosecuting him under Section 922(g)(1)." *Daogaru v. U.S. Attorney General*, 683 F. App'x 824, 826 (11th Cir. 2017). And another district court in this circuit dismissed a similar claim against enforcement of federal felon in possession laws because "[a] decision from the Court with respect to § 922(g)(4) will not change the state laws which prohibit Plaintiff from possessing a gun." *Sherlund v. Sessions*, No. CV18-1126-PHX DGC, 2018 WL 5982602, at *3 (D. Ariz. Nov. 14, 2018).

The Court agrees with the reasoning of the other courts that have addressed this issue. Because Plaintiff would still be barred from purchasing or possessing a firearm under Oregon law, the relief he seeks from this action would not redress his alleged injury. Plaintiff therefore lacks standing to assert his claim.

**II.    Predicate Felonies under Federal Law**

Defendants next argue that even if Plaintiff's conviction for bankruptcy fraud were exempt from the firearm prohibitions under Section 922(d)(1) and Section 922(g)(1), his tax fraud conspiracy conviction is not exempt and would still independently bar him from possessing a firearm under federal law. Plaintiff does not specifically mention the tax fraud component of his conspiracy conviction in his Complaint. Nevertheless, the Court construes Plaintiff's claim as asserting that all of his federal convictions are exempt from federal felon in possession laws. Thus, to address Defendants' second argument, the Court would need to consider the merits of Plaintiff's claim—whether his federal convictions fall under an exception to Sections 922(g)(1) and 922(d)(1). As the Court has determined that Plaintiff is independently barred from obtaining

7 – OPINION & ORDER

or possessing firearms under state law, it need not reach Defendants' argument as to Plaintiff's conspiracy to commit tax fraud conviction.

The Court finds that Plaintiff lacks standing because his injury cannot be redressed by the relief he seeks.

## CONCLUSION

The Court GRANTS Defendants' Motion to Dismiss [6].

IT IS SO ORDERED.

DATED:＿＿February 17, 2023＿＿.

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
MARCO A. HERNÁNDEZ
United States District Judge

8 – OPINION & ORDER